IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jeffrey A. Jessup, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:18-2703-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Barnes Group Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jeffrey Jessup ("Jessup") alleges that Barnes Group Inc. ("Defendant") violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (Not. Removal Attach. 1 (State Docs, generally), ECF No. 1-1.) Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Mot. Summ. J., ECF No. 47.) Magistrate Judge Austin recommends granting Defendant's motion. (R&R, generally, ECF No. 53.) For the reasons set forth below, the court adopts the Report and Recommendation to the extent that it is consistent with this opinion and grants Defendant's motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

Viewing the facts in the light most favorable to the non-moving party, in 2016, Jessup was employed as a Global Business Development Manager ("BDM") for Heinz Hanggi GmbH ("Hanggi"), a subsidiary of Defendant. (Not. Removal Attach. 1 (State Docs. ¶ 9), ECF No. 1-1; Mot. Summ. J. Attach. 1 (Mem. 2), ECF No. 47-1.)  In October 2016, Jessup received inpatient care for acute general anxiety disorder and major depressive episode. (Resp. 3, ECF No. 49.)  Consequently, Jessup took a leave of absence from work from October 19, 2016 until April 1, 2017. (Not. Removal Attach. 1 (State Docs. ¶ 11), ECF No. 1-1.)

When Jessup returned to work, he was removed from his BDM position and placed in a different position as a Corporate Account Manager ("CAM"). (Resp. 5, ECF No. 49.)  Jessup contends that he asked Tim Haller ("Haller"), Defendant's president of engineered components, for an explanation regarding the reason for the change, and Haller stated that Defendant could not risk Jessup returning to his BDM position because Jessup "might have a stroke or heart attack." (Id. at 6, ECF No. 49.)  According to Jessup, although the CAM position had the same salary, this change resulted in a reduction of his total compensation because there were reduced incentive pay opportunities. (Id., ECF No. 49.)  Moreover, Jessup asserts that he repeatedly asked for a job description of the CAM position, but was never provided one. (Id., ECF No. 49.)  Jessup also contends that one of the two accounts that he was responsible for in the CAM position had recently placed Defendant on a "no-bid list[]" and that, in July 2017, Defendant raised Jessup's sales quota by $2 million. (Id. at 9, ECF No. 49.)

Additionally, Jessup identifies instances which he claims caused his depression and anxiety to relapse. (Resp. 9, ECF No. 49.)  Jessup contends that he requested a meeting with

Haller, who refused such meeting. (Id. at 3-4, ECF No. 49.) Further, Jessup discovered that his 2016 performance review indicated that his performance was below expectations for the first time. (Id. at 7-8, ECF No. 49.) Jessup claims that his repeated requests for a copy of his performance review were ignored. (Id. at 8, ECF No. 49.) Jessup also asserts that Defendant informed him that the BDM position had been eliminated, but he subsequently noticed that the BDM position was listed as "open" in a company meeting. (Id. at 5, 7, ECF No. 49.)

Jessup contends that, because of this relapse, in July 2017, he requested another leave of absence until October, 18, 2017. (Resp. 9-10, ECF No. 49; Mot. Summ. J. Attach. 1 (Mem. 7), ECF No. 47-1.) Defendant denied the request due to the burden it would place on the business but asked Jessup to identify ways that Defendant could accommodate Jessup in the workplace. (Id., ECF No. 49; Mot. Summ. J. Attach. 1 (Mem. 7), ECF No. 47-1.) Jessup did not respond to this specific request but sent another request for leave from October 19, 2017 until October 18, 2018.[2] (Mot. Summ. J. Attach. 1 (Mem. 7), ECF No. 47-1.) Defendant sent a letter to Jessup's attorney on November 17, 2017, indicating that it was terminating Jessup's employment. (Id. at 7-8, ECF No. 47-1.) As of November 17, 2017, Jessup had not been working since July 2017. (Id., ECF No. 47-1; Resp. 9-10, ECF No. 49.)

On January 9, 2018, Jessup emailed a medical certification to Defendant, in which Jessup's psychologist indicated that Jessup was able to return to work "full duty" with "no medical restrictions[.]" (Id. at Attach. 3 (Ex. A 94-97), ECF No. 47-3; Resp. 11, ECF No. 49.) Jessup started working again from his home on January 11, 2018, as he had previously done in

---

[2] Jessup contends that the October 18, 2018 date was a typographical error and that he intended to request leave until January 18, 2018. (Resp. 9-10, ECF No. 49.)

3

the BDM position when not traveling or in the corporate office, until Defendant notified him via letter, on January 17, 2018, that he had been terminated on November 17, 2017.  (Id. at Attach. 1 (Mem. 9), ECF No. 47-1; Obj. 4, ECF No. 54; Resp. 4, ECF No. 49.)  Jessup claims that Defendant backdated this letter to avoid breaking company policy.  (Resp. 12, ECF No. 49.) Jessup filed the instant matter on August 10, 2018, alleging claims for hostile work environment, failure to accommodate, and wrongful termination under the ADA.[3]  (Not. Removal Attach. 1 (State Docs., generally), ECF No. 1-1.)

## II. REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge Austin recommends granting Defendant's motion for summary judgment on Jessup's claims.  (R&R, generally, ECF No. 53.) First, Magistrate Judge Austin recommends that summary judgment be granted on Jessup's hostile work environment claim because Jessup failed to identify evidence of a work environment that a reasonable person would find hostile or abusive.  (Id. at 7, ECF No. 53.) Moreover, Magistrate Judge Austin recommends granting summary judgment on Jessup's wrongful discharge and failure to accommodate claims because Jessup pointed to no evidence that he successfully performed his duties during his return or that he was capable of doing so, even with an accommodation.  (Id. at 9, ECF No. 53.)

---

[3] Jessup voluntarily dismissed his claims for defamation and disclosure of confidential medical information.  (Resp. 1, ECF No. 49.)

### III. DISCUSSION OF THE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

#### B. Objections

Jessup filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Jessup's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to identify one specific objection.  Jessup objects to the magistrate judge's conclusion that there is no evidence that Jessup was a qualified individual with a disability.[4]  (Obj. 2-6, ECF No. 54.)

Although the elements for hostile work environment, wrongful discharge, and failure to accommodate claims are distinct, all three claims require that a plaintiff show that he is a qualified individual with a disability.  See 42 U.S.C. § 12112(a); Fox v. Gen. Motors Corp., 247 F.3d 169, 176-77 (4th Cir. 2001) (hostile work environment); Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001) (wrongful discharge); Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 579 (4th Cir. 2015) (failure to accommodate).  A qualified individual with

---

[4] Jessup also objects to the magistrate judge's conclusion that there is no evidence from which a reasonable juror could conclude that Jessup's work environment was objectively hostile.  (Obj. 6-7, ECF No. 54.)  However, the magistrate judge omitted an element of the applicable test for a hostile work environment claim under the ADA.  Unlike hostile work environment claims alleged under Title VII, hostile work environment claims under the ADA require an additional element: a plaintiff must show that he is a qualified individual with a disability.  See White v. BFI Waste Servs., LLC, 375 F.3d 288, 296-97 (4th Cir. 2004) (elements of a hostile work environment claim under Title VII); Fox v. Gen. Motors Corp., 247 F.3d 169, 176-77 (4th Cir. 2001) (elements of a hostile work environment claim under the ADA).  Therefore, Jessup's objection delves further into the analysis than is required.  The court will address this objection in light of the relevant test herein.

a disability is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions that such individual holds or desires." 42 U.S.C. § 12111(8).  Thus, to survive summary judgment, Jessup must produce evidence that he falls within this protected class.  See Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 (4th Cir. 2004).

Jessup argues that he is a qualified individual with a disability because, on January 9, 2018, he emailed the medical certificate to Defendant providing a psychologist's opinion of his ability to work and, on January 11, 2018, he actually returned to work for one week.  (Obj. 3-6, ECF No. 54.)  In support of this argument, Jessup presented, for the first time in his objections, a declaration that he successfully performed his duties during that week.  (Id. at Attach. 2 (Pl.'s Declaration), ECF No. 54-2.)

However, "[t]he general rule is that a party is bound by the admissions of his pleadings." Lucas v. Burnley, 879 F.2d 1240, 1242 (4th Cir. 1989) (citations and internal quotation marks omitted).  In his complaint, Jessup asserted that he had been "unable to recover" from his relapse, which necessitated that he seek a second leave of absence in July 2017, and that he was still "fully and completely disable[d] and unable to work."  (Not. Removal Attach. 1 (State Docs. ¶¶ 35, 37), ECF No. 1-1; Resp. 9, ECF No. 49.)  Further, at his deposition on December 19, 2019, Jessup testified that this statement in his complaint is "true as of today according to my doctors and therapist."  (Mot. Summ. J. Attach. 2 (Ex. A 98), ECF No. 47-2.)  Additionally, when asked again if he has been fully and completely disabled and unable to work since July 2017, Jessup responded "[t]hat's been affirmed by the Social Security Administration."  (Id. at Attach. 2 (Ex. A 93), ECF No. 47-2.)

Jessup's self-serving declaration that he is able to perform the essential functions of his job contradicts the evidence he presented in his complaint and deposition. The court finds that Jessup is bound by his complaint and testimony under oath that he was and still is unable to work in any capacity. See e.g., Halperin v. Abacus Tech. Corp., 128 F.3d 191, 198 (4th Cir. 1997) (finding that a plaintiff was not protected by the ADA when he testified in his deposition that he was unable to work, even despite the plaintiff filing an affidavit after the defendant's motion for summary judgment contradicting this testimony), *overruled on other grounds by*, Baird v. Rose, 192 F.3d 462 (4th Cir. 1999); Johnson v. Bryant, C/A No. 0:11-537-JFA-PJG, 2012 WL 2935254, at *2 (D.S.C. July 19, 2012) (unpublished) (finding that a plaintiff was bound by the allegations in her complaint and deposition testimony concerning the date she received a notice from the EEOC and could not create a genuine issue of material fact by subsequently contradicting her own testimony).

Thus, Defendant is entitled to summary judgment on Jessup's claims for hostile work environment, wrongful discharge, and failure to accommodate because Jessup has failed to raise a genuine issue of material fact that he is a qualified person with a disability, an essential element of each of his claims. Therefore, the court grants Defendant's motion for summary judgment and adopts the Report and Recommendation to the extent that it is consistent with this opinion.

It is therefore

**ORDERED** that Defendant's motion for summary judgment, docket number 47, is granted.

**IT IS SO ORDERED**.

<u>s/Henry M. Herlong, Jr.</u>
Senior United States District Judge

Greenville, South Carolina
June 30, 2020